UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CIV. 7701

------------------------------------------------------------------x

WILLIAM SIMMONS,

Plaintiff,

v.

SECURITY CREDIT SYSTEMS, INC.,

Defendant.

------------------------------------------------------------------x

COMPLAINT

JUDGE ROBINSON

FILED U.S. DISTRICT COURT S.D. OF N.Y.

## INTRODUCTION

1. This is an action for damages, declaratory judgment, and injunctive relief brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter, "FDCPA") and New York General Business Law § 349 (hereinafter, "NYGBL § 349").

2. Plaintiff brings suit based on the unfair, abusive and deceptive practices employed by Defendant in its attempt to collect an alleged debt from Plaintiff.

## JURISDICTION AND VENUE

3. The Court's jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C.1337.

4. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Venue in this District is proper in that Defendant, Security Credit Systems, Inc. ("SCS"), transacts business in the District and the conduct complained of occurred in the District.

## PARTIES

7. Plaintiff, William Simmons ("Mr. Simmons") is a natural person who resides in Newburgh, New York.

8. Mr. Simmons is a consumer under the FDCPA, § 1692a(3).

9. SCS is a New York corporation engaged in the business of collecting debts in this state, with its principal place of business located at Theater Place, 622 Main Street, Buffalo New York, 14202.

10. SCS's principal purpose is the collection of debts and SCS regularly attempts to collect debts alleged to be due another.

11. SCS is a debt collector under the FDCPA, §1692a(6).

## FACTS

12. SCS sent or caused to be sent to Mr. Simmons a letter dated March 14, 2008.

13. This letter was addressed to Mr. Simmons, does not make reference to any other alleged debtor, references an alleged debt with "Orange Radiology/MRI-Newburgh" for $507.45, and states, *interalia*, as follows:

> NOTICE
>
> You are hereby given NOTICE to settle this debt. Payment must be made within 48 HOURS of receipt of this NOTICE OF OBLIGATION.
>
> Your failure to comply may result in FURTHER ACTIVITY.
>
> Yours very truly,
>
> SECURITY CREDIT SYSTEMS, INC.

March 14 Letter, attached hereto as Exhibit A (emphasis in original).

14. Mr. Simmons had not received any communication from SCS regarding this debt prior to the March 14 Letter.

15. The March 14 Letter did not contain the disclosures and notices required pursuant to FDCPA, §1692g(a).

16. SCS sent or caused to be sent to Mr. Simmons a substantively identical letter dated March 18, 2008, attached hereto as Exhibit B.

17. Mr. Simmons has never entered into any contract with, nor incurred any debt with SCS or Orange Radiology/MRI-Newburgh.

18. Mr. Simmons' wife, Virginia Simmons, has received services from Orange Radiology/MRI-Newburgh in the course of being treated for a serious illness.

19. Mr. Simmons did not incur any debt with SCS or the two original creditor or creditor's referenced above.

20. Mr. Simmons neither received services from these creditors, nor signed any contract with them, nor did he take any other action which provided a reasonable basis for SCS's actions as described herein.

21. To the extent that the common law "doctrine of necessaries" (under which a creditor may seek recovery from a non-debtor spouse under certain, limited circumstances) has not been preempted by the Equal Credit Opportunity Act 15 U.S.C. 1691, the doctrine's requirements were not met in the case at bar.

22. For example, upon information and belief, prior to attempting to hold Mr. Simmons liable for the debt, SCS:

a. did not first pursue collection from Mrs. Simmons, nor inquire as to whether the original creditors had done so;

b. did not undertake any reasonable inquiry as to whether Mrs. Simmons had insufficient resources to satisfy the debt nor as to whether the original creditors had made such an inquiry;

c. did not undertake any reasonable inquiry as to whether the necessaries were furnished on Mr. Simmons' credit; and

d. did not undertake any reasonable inquiry as to whether Mr. Simmons had the ability to pay.

23. Upon information and belief, prior to taking the collection actions referenced above SCS, did not make any attempt whatsoever to contact or seek recovery from Mrs. Simmons nor did it inquire as to whether the original creditors had done so.

24. Upon information and belief, Mrs. Simmons was willing and able to make full or partial payments of any alleged debt to SCS and/or the original creditors at the time SCS attempted to hold Mr. Simmons liable for the debt.

25. At all times and with regard to each of the factual and legal allegations made in this Complaint, upon information and belief, SCS acted willfully, knowingly and in bad faith.

26. Specifically, without limitation, upon information and belief SCS knew or should have known that the debt which they sought to collect from Mr. Simmons was not his.

27. Upon information and belief, SCS sought to collect the debt from Mr. Simmons rather than Virginia Simmons, not based upon any reasonable belief that he was legally responsible for the debt, but rather merely because they thought that dunning him might result in his paying the debt allegedly incurred by another person.

28. As a result of SCS's actions, Mr. Simmons has suffered pecuniary and non-pecuniary harm.

**FIRST CAUSE OF ACTION**
**The Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA")**

29. Mr. Simmons repeats and re-alleges and incorporates by reference the foregoing paragraphs.

30. SCS's actions and omissions as set forth above constitute violations of the FDCPA. These violations include, without limitation:

a. Threatening, attempting and/or actually taking collection activity against Mr. Simmons on the basis of Mrs. Simmons' alleged debts, including but not limited to sending the dunning letters referenced above, in violation of, *inter alia*, §§1692e, 1692e(2); 1692e(5); 1692e(10); 1692f, 1692f(1).

b. Sending dunning letters which create a false impression of urgency (e.g. "Payment must be made within 48 HOURS of receipt of this NOTICE OF OBLIGATION") or which are otherwise false, misleading, unfair and unconscionable in violation of §§1692e, 1692e(10), and 1692f (Exhibits A and B)(emphasis in originals);

c. Threatening action that SCS had no intention of taking, in violation of §§1692, 1692e(5); 1692e(10), and 1692f; and

d. Creating the false impression that these run-of-the-mill dunning letters are some sort of legal or quasi-legal notice and/or implicate legally significant deadlines, e.g. by including the phrase "Payment must be made within 48 HOURS of receipt of this NOTICE OF OBLIGATION", in violation of §§1692e, 1692e(2), 1692e(10), 1692e(13), and 1692f. (Exhibits A and B)(emphasis in originals).

e. Failing to send Mr. Simmons the written disclosurs and notices required pursuant to §1692g(a) in its initial communication with him or within five days after its initial communication.

31. As a result of these violations of the FDCPA, Mr. Simmons has suffered pecuniary and non-pecuniary harm.

32. As a result of SCS's violations of the FDCPA, SCS is liable to Mr. Simmons for declaratory judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

**SECOND CAUSE OF ACTION**
**NYGBL § 349 (Deceptive Acts and Practices Unlawful)**

33. Mr. Simmons repeats and re-alleges and incorporates by reference the foregoing paragraphs.

34. Each of the deceptive acts and practices set forth above, including but not limited to each deceptive act and practice set forth in the First Cause of Action was "consumer oriented" and committed in the conduct of business, trade, commerce or the furnishing of a service in this state.

35. Each of the deceptive acts and practices set forth above was deceptive or misleading in a material respect, and constituted a violation of §349 independent of whether it also constituted a violation of any other law.

36. As a result of these violations of NYGBL §349, Mr. Simmons has suffered pecuniary and non-pecuniary harm.

37. As a result of SCS's violations of NYGBL §349, SCS is liable to Mr. Simmons for actual damages, three times the actual damages up to $1000, costs and reasonable attorneys fees pursuant to NYGBL § 349(h), as well as an injunction barring SCS from continuing to send communications to consumers which include the deceptive statement that "Payment must be made within 48 HOURS of receipt of this NOTICE OF OBLIGATION", or other similar, deceptive language.

**THIRD CAUSE OF ACTION**
**Declaratory Judgment Pursuant To**
**28 U.S.C. §2201-02 and Rule 57 of the Federal Rules of Civil Procedure**

38. Mr. Simmons repeats and re-alleges and incorporates by reference the foregoing paragraphs.

39. There is an actual controversy between the parties.

40. Specifically, SCS has repeatedly attempted to collect a debt from Mr. Simmons for which Mr. Simmons contends he is not liable and, in addition, Mr. Simmons contends that SCS has violated the FDCPA and NYGBL § 349 in the course of attempting to collect this debt from him.

41. This controversy is ripe as no event or events have ended the controversy between the parties prior to this request for declaratory relief.

42. As stated above, Mr. Simmons is not legally responsible for the debt SCS has sought to collect from him on its own behalf and/or on the behalf of others.

43. As stated above, SCS has committed numerous violations of federal and state law in its attempts to collect this debt from Mr. Simmons.

44. As stated above, SCS's actions have caused and continue to cause Mr. Simmons pecuniary and non-pecuniary harm.

45. Pursuant to 28 U.S.C. §2201-02 and Rule 57 of the Federal Rules of Civil Procedure Mr. Simmons is therefore entitled to and seeks a declaratory judgment that he is not legally responsible for the debt SCS seeks to collect from him.

46. This declaratory relief is appropriate as:

(a) it would resolve the controversy between the parties regarding Mr. Simmons' liability or lack thereof for the debts in question, clarifying the legal relations between the parties;

(b) is not brought for any improper or disfavored purpose;

(c) does not involve a controversy already pending in State Court; and

(d) there is no alternate relief which might be better or more effective.

**WHEREFORE** Mr. Simmons respectfully requests of this Court as follows:

a. On the FIRST CAUSE OF ACTION (FDCPA), Declaratory Judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

b. On the SECOND CAUSE OF ACTION (NYGBL § 349), actual damages, three times the actual damages up to $1000, costs and reasonable attorneys fees pursuant to NYGBL § 349(h), as well as an injunction barring SCS from continuing to send communications to consumers which include the deceptive statement that "Payment must be made within 48 HOURS of receipt of this NOTICE OF OBLIGATION", or other similar, deceptive language.

c. On the THIRD CAUSE OF ACTION (Declaratory Judgment), a declaratory judgment that Mr. Simmons is not legally responsible for the debt SCS seeks to collect from him;

d. Award such other and further relief as law or equity may provide.

Respectfully Submitted,

Daniel A. Schlanger, Esq.
(ds-9330)
Schlanger & Schlanger, LLP
1025 Westchester Ave., Suite 108
White Plains, NY 10604
Ph: 914-946-1981
Fax: 914-946-2930
email: daniel@schlangerlegal.com